**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

BRIANA KARETTIS, individually and
on behalf of all similarly situated,

     Plaintiff,

v.

ATL NIGHTLIFE GROUP, LLC and
ANWAR SHARIF,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action File No.
1:18-CV-01921-MLB

## **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff Briana Karettis and Opt-in Plaintiff Isabel Serrano ("Plaintiffs"), and Defendants ATL Nightlife Group, LLC ("ATL") and Anwar Sharif ("Sharif") (ATL and Sharif collectively referred to as "Defendants") (Plaintiff and Defendants collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter and dismiss this matter with prejudice. Because Plaintiffs' action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

I.    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver

of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiffs' FLSA claims against Defendants.  The proposed settlement arises out of an action brought by the Plaintiffs against their former employers, which was adversarial in nature. During the litigation and settlement of this action, Plaintiffs were represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of tipped wages under the FLSA.  The Parties dispute whether Plaintiffs were tipped employees during their employment with Defendants, as well as the number of hours Plaintiffs' worked.  Defendants contend that Plaintiffs were properly classified as tipped employees and were paid for all hours worked.  The Parties further dispute whether liquidated damages are appropriate.  Defendants contend that they can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260. Plaintiffs contend that liquidated damages are appropriate.  Finally, the Parties dispute

whether any deductions and tip-pools were prohibited under the FLSA.  The Parties agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.   The Parties have engaged in settlement discussions, based upon their independent valuations of the claims and defenses.  The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreements during negotiations.  All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

## II.   <u>Summary of the Settlement</u>

The Parties' settlement agreement is attached hereto as "<u>Exhibit A</u>". The Parties' proposed settlement will provide Plaintiff Karrettis with $4,077.00 and Opt-in Plaintiff Serrano with $3,315.20. Plaintiffs are receiving the entire amount of backpay to which they could be entitled as well as liquidated damages on the backpay amount.   Pursuant to the settlement, Plaintiffs' counsel will receive $13,208.80 in attorneys' fees and court costs.[1]

---

[1] Plaintiffs' attorneys seek a lodestar fee in accordance with the parties' attorney-client agreements. At the time of settlement, Plaintiffs' counsel incurred the sum of $12,620 in attorneys' fees and expenses of litigation in the amount of $588.80. Ainsworth G. Dudley worked 17.60 hours on the case at an hourly rate of $400. Vince Tilley worked 18.60 hours at an hourly rate of $300. Neither attorney has charged for time spent after settlement. If needed counsel will prepare an affidavit and itemized invoice for submission to the Court.

## III.  **Conclusion**

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties and dismiss the instant action with prejudice. The Parties further request that the Court retain jurisdiction to enforce the terms of the settlement.

A proposed Order granting the relief requested herein is attached to this Motion as "Exhibit B" hereto.

Respectfully submitted this 28th day of August, 2018.

*/s/ Vincent Tilley*
Vincent Tilley
Georgia Bar No. 712237
vtilley@lawnet.org
Vince Tilley, P. C.
Suite 200
1870 The Exchange
Atlanta, GA 30330
Telephone: 770-989-7334

*/s/ Ainsworth Dudley*
Ainsworth Dudley
Georgia Bar No. 237415
adudleylaw@gmail.com
Dudley Law, LLC
Suite 200, Building One
4200 Northside Parkway
Atlanta, Georgia 30327
Telephone: 404-687-8205

*Attorneys for Plaintiffs*

*/s/ Raanon Gal*
Raanon Gal
Georgia Bar No. 100281
rgal@taylorenglish.com
David J. Forestner
Georgia Bar No. 269177
dforestner@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: 770-434-6868
Facsimile: 770-434-7376

*Attorneys for Defendants*
*ATL Nightlife Group, LLC and*
*Andrew Sharif*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BRIANA KARETTIS, individually and )
on behalf of all similarly situated, )
                                     )
      Plaintiff,                  )     Civil Action File No.
                                     )     1:18-CV-01921-MLB
v.                                   )
                                     )
ATL NIGHTLIFE GROUP, LLC and         )
ANWAR SHARIF,                        )
                                     )
      Defendants.                 )
_____)

## CERTIFICATE OF SERVICE

      I hereby certify that on August 28, 2018, I electronically filed the Joint Motion

to Approve Settlement Agreement and Dismissal with Prejudice with the Clerk of

Court using the CM/ECF system which will automatically send email notification of

such filing to all attorneys of record.

                        */s/ Raanon Gal*
                        Raanon Gal
                        Georgia Bar No. 100281

                        *Attorneys for Defendants Anwar Sharif and*
                        *ATL Nightlife Group LLC*